NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEHENG XU, | No. 18-70103 |
| Petitioner, | Agency No. A201-048-067 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2026**
Pasadena, California

Before: GRABER, BRESS, and JOHNSTONE, Circuit Judges.

Deheng Xu, a native and citizen of China, petitions for review of a Board of

Immigration Appeals (BIA) decision dismissing his appeal of an immigration

judge's (IJ) order denying his applications for asylum, withholding of removal, and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture (CAT).[1] We review the agency's factual findings, including adverse credibility determinations, for substantial evidence. *Ani v. Bondi*, 155 F.4th 1118, 1126 (9th Cir. 2025). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). When the BIA relies in part on the IJ's decision, we review both the BIA and IJ decisions, but our review of the IJ's decision is limited to the grounds upon which the BIA relied. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the IJ's adverse credibility determination. When making a credibility assessment, an IJ must consider "the totality of the circumstances" and "all relevant factors." 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ may consider inconsistencies in the testimony and record "without regard to whether" any discrepancies "go[] to the heart of the applicant's claim." *Id.* The IJ also may consider the "inherent plausibility of the applicant's or witness's account." *Id.*; *see also Ani*, 155 F.4th at 1126–27. "There is no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility

---

[1] Before this court, Xu seeks remand of his claims for withholding of removal and CAT relief solely on the ground that the agency erred in its adverse credibility determination. Because we uphold the agency's adverse credibility determination, we reject his request for remand of those claims.

determination . . . ." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc). Instead, "our review will always require assessing the totality of the circumstances." *Id.*

Here, the IJ identified several aspects of Xu's testimony that cast doubt on the credibility of his account of persecution based on his Christian faith. To demonstrate his membership in a protected group, Xu testified that he attended a particular church for three or four years after he arrived in the United States. However, despite that longstanding attendance, Xu could not recall the address of the church. Xu also submitted several letters from that church, which listed different mailing addresses.

In addition, although Xu was granted several continuances with express instructions to produce the pastor from that church to corroborate his attendance and baptism there, Xu failed to produce the witness. Xu first testified that he was unable to produce his pastor because the pastor was busy. But Xu later stated, contradictorily, that "the real reason" the pastor would not attend the hearing was because Xu would not pay for the pastor's attendance. Nor did Xu provide testimony from other members of the church to attest to his attendance there.

The IJ also found Xu not credible based on Xu's conflicting accounts of the circumstances of his baptism. And with respect to Xu's account of persecution in China, the IJ observed that Xu was at times "non-responsive to questions asked by his attorney" and that his answers were sometimes vague.

Those shortcomings and discrepancies were not trivial, and they provided a legitimate basis for discrediting Xu's testimony. Because the IJ's adverse credibility finding was supported by substantial evidence and the record does not compel a contrary conclusion, the IJ's determination that Xu failed to meet his burden of proving past persecution or a well-founded fear of future persecution was likewise supported by the record.

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal (Dkt. No. 8) is otherwise denied.